Filed 5/23/22  P. v. Lemmon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090231 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F7820) |
| v. | |
| KEVIN FRANK LEMMON, | |
| Defendant and Appellant. | |

Defendant Kevin Frank Lemmon appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court incorrectly weighed the facts using the wrong legal standard when it denied his petition at the prima facie stage and asserts his eligibility for resentencing was not

---

[1]  Undesignated statutory references are to the Penal Code.

1

precluded by the jury's robbery-murder and burglary-murder special circumstance findings from his trial. We will affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury found defendant guilty of first degree murder (§ 187, subd. (a)—count 1), first degree robbery (§ 211—count 2), and first degree burglary (§ 459—count 3). The jury also found true robbery-murder and burglary-murder special circumstance allegations (§ 190.2, subd. (a)(17)), and an allegation defendant acted in concert with two or more other persons as to the robbery count (§ 213, subd. (a)(1)(A)).

On appeal, we affirmed the convictions but modified the sentence to correct a sentencing error. (*People v. Lemmon, et al.* (Sept. 29, 2016, C074689) [nonpub. opn.], opn. mod. Oct. 25, 2016 (*Lemmon*).)[2] In our opinion, we detailed the evidence introduced at trial. In short, defendant and codefendants Kenneth Matthews and William Lee Freed, Jr., forced their way into the victim's motel room "to steal money and/or drugs and to retrieve some personal belongings of [defendant's] girlfriend."[3] (*Ibid.*) "When [the victim] tried to fight off the intrusion, Freed stabbed him multiple times." (*Ibid.*)

In the appeal, defendant challenged the sufficiency of the evidence for the murder conviction and the special circumstance finding. In particular, defendant argued "he could not be guilty of the felony-murder special circumstance unless the prosecution proved his intent to kill or his reckless indifference to human life" because "there was no evidence he was the actual killer." (*Lemmon, supra*, C074689.) Rejecting his argument, we concluded, "[s]ufficient evidence was presented that [defendant] acted with reckless

---

[2] At defendant's request, we incorporated the appellate record in *Lemmon* by reference into the record for the current appeal.

[3] Matthews was initially charged but testified at trial for the prosecution as part of a plea agreement. (*Lemmons, supra*, C074689.)

indifference to human life. He expressed his intent to take property from [the victim's] possession by force, and armed himself with pepper spray and tried to arm Matthews with a crowbar. The jury could infer he intended violence, which was in reckless indifference to [the victim's] life, from the fact that he was concerned about the three boys near [the victim's] room. The jury could reasonably infer he wanted to outnumber the victim in an attack. There was evidence [defendant] rushed into [the victim's] room after Freed, where Freed repeatedly stabbed [the victim]. [Defendant] discharged the pepper spray and stole [the victim's] backpacks. The reasonable inference from this evidence was that [defendant] assisted Freed during the stabbing attack. [Defendant] acted with reckless indifference to [the victim's] life because he knowingly assisted Freed as he repeatedly stabbed [the victim], an act known to carry a grave risk of death. (*People v. Banks* (2015) 61 Cal.4th 788, 801.)" (*Ibid.*)

In 2019, defendant filed a petition for resentencing under section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel.

The trial court appointed counsel and received briefing from the parties. The court then issued a written order denying the petition. In the order, the court reviewed the facts from our opinion in *Lemmon* and excerpted our discussion regarding the sufficiency of the evidence for the special circumstance finding. The court then listed the specific facts describing defendant's role in the crime and concluded defendant "was a major participant in the robbery and burglary and acted with reckless indifference to human life

3

during the course of these crimes." Thus, he was ineligible for relief under section 1170.95.

## DISCUSSION

Defendant argues the trial court erred when it denied his petition because it relied on disputed facts and failed to construe all evidence in the light most favorable to defendant, as it was required to do at the prima facie stage of evaluation. Defendant asserts the trial court applied these facts using a substantial evidence standard of review, which was also erroneous. Moreover, defendant argues, the jury's findings on the robbery-murder and burglary-murder special circumstance allegations should not preclude his eligibility for relief because the jury made these determinations before our Supreme Court's decisions in *People v. Banks,* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). We disagree and conclude any alleged error is harmless.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable

consequences theory."[4] (former § 1170.95, subd. (a).) As amended, subdivision (a) allows a petitioner to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced . . . when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (c) of section 1170.95 sets forth the process for the trial court to consider such a petition. Under section 1170.95, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958 (*Lewis*).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing." (*Lewis, supra*, 11 Cal.5th at p. 962.) In the prima facie stage, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id.* at p. 972.) " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.) "In reviewing any

_____

[4] More recently, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), which became effective January 1, 2022, made various amendments to section 1170.95. (Stats. 2021, ch. 551, § 2.)

part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Assuming the trial court erred by weighing the facts and using an incorrect standard of review to determine whether defendant was a major participant in the robbery/burglary who acted with reckless indifference to human life, any error was harmless. As a threshold matter, we reject defendant's late contention, in his final supplemental reply brief, that the trial court's errors implicate state and federal constitutional errors requiring "reversal without any assessment of prejudice." (*People v. Duff* (2014) 58 Cal.4th 527, 550 fn. 9 [ineffective assistance of counsel argument first raised in reply brief waived].) Even were we to reach defendant's argument, "[t]he concept of structural error does not apply here because a section 1170.95 hearing is not a criminal trial," and defendant's claim that he could be subject to a "wrongful conviction" because the trial court made a non-prejudicial misstep in considering his postjudgment resentencing petition simply does not make sense. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 746 [applying harmless error analysis to use of incorrect standard of proof at section 1170.95 evidentiary hearing]; *Lewis, supra*, 11 Cal.5th at p. 974 [rejecting structural error finding in section 1170.95 proceedings based as to the absence of counsel].)

Any error by the trial court was harmless, even under the more stringent beyond-a-reasonable-doubt standard. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].) As we explained in *Lemmon*, the jury found the robbery-murder and burglary-murder special circumstances true for the murder count. (*Lemmon, supra*, C074689.) At defendant's trial, the court instructed the jury as to the special circumstance under section 190.2, subdivision (a)(17) with CALCRIM No. 703, which reads, in relevant part: "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstances of Murder

6

during the commission of an attempted robbery or a Robbery and Murder during the commission of a Burglary, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life.

"In order to prove these special circumstances for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor or a member of a conspiracy, the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1. The defendant's participation in the crime began before or during the killing;

"2. The defendant was a major participant in the crime;

"AND

"3. When the defendant participated in the crime, he acted with reckless indifference to human life.

"A person 'acts with reckless indifference to human life' when he or she knowingly engages in criminal activity that he or she knows involves a grave risk of death.

"The People do not have to prove that the actual killer acted with intent to kill or with reckless indifference to human life in order for the special circumstances of Murder during the Commission of an attempted robbery or Robbery and/or Murder during the commission of a Burglary to be true.

"If you decide that the defendant is guilty of first degree murder, but you cannot agree whether the defendant was the actual killer, then, in order to find this special circumstance true, you must find either that the defendant acted with intent to kill or you must find that the defendant acted with reckless indifference to human life and was a major participant in the crime.

"If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in the crime for the

7

special circumstances of Murder during the Commission of an attempted robbery or Robbery and/or Murder during the commission of a Burglary to be true. If the People have not met this burden, you must find this special circumstance has not been proved true for that defendant."

The jury's true finding for the special circumstance tracks the requirements of first degree murder liability for a participant even after Senate Bill 1437's changes to sections 188 and 189 because it establishes that, at a minimum, and beyond a reasonable doubt, defendant was a major participant who acted with reckless indifference to human life. (§ 189, subd. (e)(3).) It thus disproves defendant's declaration that he could no longer be convicted of murder because of the changes made by Senate Bill 1437.

Defendant asserts this finding is not conclusive because *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522 made significant changes to the definitions of "major participant" and "reckless indifference to human life," making it "fundamentally unfair" to give the special circumstance finding preclusive effect on his section 1170.95 petition. *Banks* and *Clark* both predate Senate Bill 1437. "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284 (*Galvan*).)

8

We agree with the *Galvan* line of decisions that an intact felony-murder special circumstance finding, even one from before *Banks* and *Clark*, precludes relief under section 1170.95. (See *People v. Nunez* (2020) 57 Cal.App.5th 78, 83, review granted Jan. 13, 2021, S265918; *People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 457; *People v. Murillo* (2020) 54 Cal.App.5th 160, 167-169, review granted Nov. 18, 2020, S264978; *Galvan, supra*, 52 Cal.App.5th at pp. 1142-1143; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14-17, review granted Oct. 14, 2020, S264033.) "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. . . . The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison, supra*, at p. 461.) The proper avenue for relief based on *Banks* and *Clark* is a petition for writ of habeas corpus. (See *Galvan*, at p. 1142.) Defendant cannot challenge the special circumstance findings through section 1170.95.

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Secrease* (2021) 63 Cal.App.5th 231, 259, review granted June 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 956, review granted Apr. 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 258-260, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93-94, review granted July 22, 2020, S262835; *People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490.) We, however, find the *Galvan* line of cases more persuasive.

We likewise find unpersuasive defendant's reliance on general principles of collateral estoppel, including his contention that the special circumstance findings were not "actually litigated" in the prior proceedings because defendant had "very little *incentive*" to dispute them. The issue was, in fact, previously litigated, to the point that

9

defendant raised it in his direct appeal, and then requested rehearing on the issue, resulting in a modification of our opinion. Nor is it clear what "separate proof," aside from the evidence describing the context of the murder, defendant believes would have been necessary at trial to show "actual litigation." (*Lemmon, supra*, C074689) And, as we noted in our opinion, the special circumstance findings resulted in a sentence of life without the possibility of parole, providing ample incentive to litigate the issue, both at trial and on appeal. (*Ibid.*; § 190.2, subd. (a).)

Defendant further contends the statutory language of section 1170.95 indicates "special circumstance findings should *not* be given preclusive effect" because, in subdivision (d)(2), the statute states prior findings that a petitioner "did *not* act with reckless indifference to human life or was not a major participant in the felony" require courts to vacate the relevant conviction. Thus, defendant reasons, the Legislature intended only to give "estoppel power" to a single kind of special circumstance determination, and "courts are prohibited from giving preclusive effect to any other such determinations."

But section 1170.95, subdivision (a) expressly limits eligibility to circumstances where a petitioner can demonstrate they "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." As explained above, the special circumstance findings in defendant's case required a factual finding beyond a reasonable doubt that tracks the requirements for first degree murder liability, even after the changes to sections 188 and 189. Thus, the statutory language of section 1170.95, in context with the other changes made by Senate Bill 1437, requires, rather than prohibits, the preclusive effect of the special circumstance findings. (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 105 [when interpreting a statute, " 'we do not consider the statutory language "in isolation" ' but rather " 'harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." ' "].) The purpose of section

10

1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].) Contrary to the allegations in defendant's petition, the record of conviction shows defendant could still be convicted of murder despite the changes to sections 188 or 189 because the jury's robbery-murder and burglary-murder special circumstance findings established beyond a reasonable doubt that defendant was, at minimum, a major participant who acted with reckless indifference to human life. Thus, any asserted error by the trial court is harmless beyond a reasonable doubt because, even had the trial court followed the correct procedures in evaluating defendant's claim, it would not have changed the jury's findings and defendant's ineligibility.[5]

---

[5] Our conclusion assumes application of the standards set forth in Senate Bill 775 and *Lewis, supra*, 11 Cal.5th 952 to the trial court's decision making process, as argued by defendant in his supplemental briefing. We agree with the People, however, that nothing in *Lewis* or Senate Bill 775 changes the fact or effects of the special circumstance findings in this case.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is affirmed.

_____\s_____,
BLEASE, Acting P. J.

We concur:

_____\s_____,
ROBIE, J.

_____\s_____,
RENNER, J.